DAI v. DIMON et al.

(Supreme Court, Appellate Term. December 8, 1910.)

EXECUTION (§ 471*)—WRONGFUL EXECUTION—SALE OF GOODS—VALUE—EVIDENCE.

    In an action for the wrongful sale of goods on an execution issued on a judgment subsequently reversed, evidence *held* insufficient to show the value of the goods.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1401, 1402; Dec. Dig. § 471.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gregori E. Dai against Anton Dimon and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Nims & Frazer, for appellants.
E. Rosenthal, for respondent.

PLATZEK, J. This action was brought to recover a judgment for the value of certain goods sold under an execution issued upon a judgment obtained by default against the plaintiff herein, in which action this defendant was plaintiff and this plaintiff was defendant; the judgment thus obtained having been subsequently vacated, and a judgment having been rendered in favor of the defendant in that action, the plaintiff in this. The testimony as to the value of the goods taken by the marshal is insufficient to authorize the judgment rendered in favor of the plaintiff herein. The defendants' attorney admitted upon the trial that the goods taken were sold by the marshal at public auction and only brought the sum of $30. This was some evidence of their value. The only testimony given by the plaintiff as to their value is as follows:

    "Q. Are you a furrier by trade? A. Yes. Q. What was the value of those 18 pieces of fur that were taken from you by the marshal? A. Yes, sir.

    "Defendants' Counsel: Objected to as immaterial, irrelevant and incompetent.

    "The Court: Objection overruled. Exception.

    "Q. How much was it worth according to your bill of particulars—$142.-65? A. Yes, sir."

Statements adduced from witnesses in this manner are substantially valueless as evidence. They partake more of the nature of unsworn

statements of counsel than the sworn testimony of witnesses. Judgment was rendered in favor of the plaintiff for the full sum of $142.65. It must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.